UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **North Texas Equal Access Fund**;<br>**Lilith Fund For Reproductive Equity**,<br><br>Plaintiffs,<br><br>v.<br><br>**America First Legal Foundation**,<br><br>Defendant. | Case No. 1:22-cv-00728-ABJ |

### MOTION TO DEFER CONSIDERING OR SUMMARILY DENY THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On Friday, April 15, 2022, the plaintiffs filed a motion for summary judgment. *See* ECF No. 21. The plaintiffs' motion for summary judgment is premature, and defendant America First Legal respectfully asks the Court to defer considering this motion until after the Court rules on its Rule 12(b)(1) motion, which will be filed on Friday, April 22, 2022, and after the defendant has had an opportunity to take discovery from the plaintiffs. In the alternative, defendant America First Legal asks the Court to summarily deny the plaintiffs' motion for summary judgment because it fails to present any argument or evidence for Article III standing, an issue on which the plaintiffs bear the burden of proof. *See, e.g.*, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207–08 (2021).

### I. THE COURT SHOULD DEFER CONSIDERING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNTIL AFTER IT RULES ON THE DEFENDANT'S JURISDICTIONAL OBJECTIONS

The defendant will be filing a Rule 12(b)(1) motion on April 22, 2022, which will seek dismissal on the ground that the plaintiffs lack Article III standing to sue America First Legal, and that any case or controversy that might have previously existed between the plaintiffs and the defendant is now moot. Specifically, the Rule

12(b)(1) motion will argue that: (1) The plaintiffs' alleged injuries are not fairly traceable to allegedly unlawful conduct taken by America First Legal; (2) The plaintiffs' alleged injuries are not likely to be redressed by a favorable judgment from this Court; and (3) Any case or controversy that might have existed when the plaintiffs filed their lawsuit is moot because Ashley Maxwell and Sadie Weldon have terminated America First Legal as their legal representative in the Rule 202 proceedings brought against Kamyon Conner and Neesha Davé. If the district court denies this Rule 12(b)(1) motion, then defendant America First Legal intends to take discovery from the plaintiffs on these standing and mootness issues.

This Court must resolve the jurisdictional objections in the soon-to-be-filed Rule 12(b)(1) motion before considering the plaintiffs' motion for summary judgment. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."). The Court should therefore defer considering the plaintiffs' motion for summary judgment until after the defendant's jurisdictional objections have been resolved.

II. **THE COURT SHOULD DEFER CONSIDERING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNTIL AFTER THE DEFENDANT HAS HAD AN OPPORTUNITY FOR DISCOVERY**

The defendant has had no opportunity to take discovery from the plaintiffs. If this Court denies the Rule 12(b)(1) motion, then America First Legal intends to take discovery from each of the plaintiffs on: (1) The extent to which their alleged injuries are "fairly traceable" to "allegedly unlawful conduct" undertaken by America First Legal; (2) Whether the relief that the plaintiffs seek against America First Legal is "likely" to redress the plaintiffs' alleged injuries; and (3) Whether the plaintiffs are continuing to suffer injuries that are "fairly traceable" to America First Legal now that

Ashley Maxwell and Sadie Weldon have terminated America First Legal as their legal representative. *See* Declaration of Jonathan F. Mitchell ¶¶ 6–9 (attached as Exhibit 1).

The plaintiffs cannot deny the defendant discovery by filing a premature motion for summary judgment. *See Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) ("[S]ummary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)); *id.* ("A [Rule 56(d)] motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." (citation and internal quotation marks omitted)); *Khan v. Parsons Global Services, Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005) ("[A] party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion"). The Court should defer considering the plaintiffs' motion for summary judgment until after discovery had concluded. *See* Fed. R. Civ. P. 56(d).

### III. In The Alternative, The Court Should Summarily Deny The Plaintiffs' Motion For Summary Judgment Because It Fails To Present Any Argument Or Evidence For Article III Standing

If the Court is unwilling to defer consideration of the plaintiffs' motion, then it should summarily deny it because the motion contains no argument or evidence for Article III standing—an issue on which the plaintiffs' bear the burden of proof. *See Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("[P]laintiff bears the burden of proving standing"); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207–08 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing."). The plaintiffs cannot assume Article III standing and proceed directly to the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (rejecting the doctrine of hypothetical jurisdiction).

## CONCLUSION

The Court should defer considering the plaintiffs' motion for summary judgment under Rule 56(d), or it should summarily deny the motion.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
DC Bar No. 496344
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: April 18, 2022                         *Counsel for Defendant*

## CERTIFICATE OF CONFERENCE

    I certify that I have conferred with Jenny Ecklund, counsel for the plaintiffs, and she informed me that the plaintiffs oppose this motion.

                                               /s/ Jonathan F. Mitchell
                                              Jonathan F. Mitchell
                                              *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on April 18, 2022, I served this document through CM/ECF upon:

Christine Rene Couvillon
Kathleen E. Kraft
Thompson Coburn, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006-1167
(202) 585-6961 (phone)
(202) 585-6969 (fax)
ccouvillon@thompsoncoburn.com
kkraft@thompsoncoburn.com

Elizabeth Myers
Jennifer Ecklund
John P. Atkins
Mackenzie S. Wallace
Thompson Coburn LLP
2100 Ross Avenue
Suite 3200
Dallas, TX 75201
(972) 629-7111 (phone)
(972) 629-7171 (fax)
emyers@thompsoncoburn.com
jecklund@thompsoncoburn.com
jatkins@thompsoncoburn.com
mwallace@thompsoncoburn.com

*Counsel for Plaintiffs*

                                            /s/ Jonathan F. Mitchell
                                          Jonathan F. Mitchell
                                          *Counsel for Defendant*