UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **North Texas Equal Access Fund;**<br>**Lilith Fund For Reproductive Equity**,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>**America First Legal Foundation**,<br><br>　　　　　　　Defendant. | Case No. 1:22-cv-00728-ABJ |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

There is no Article III case or controversy because America First Legal has no intention of suing the plaintiffs (or anyone else) under Senate Bill 8's civil-enforcement mechanism—and it never had any such intention either before or after the plaintiffs filed this lawsuit. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 14–20; Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 6–17 (attached as Exhibit 1). And any attempt to enjoin America First Legal from representing Ashley Maxwell or Sadie Weldon in the Rule 202 proceedings is moot because each of those clients has terminated America First Legal as their representative—and each of them has declared under oath that they will not retain America First Legal for future representation. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 7–10 & Exs. A–B; Maxwell Decl., ECF No. 29-6, at ¶ 5; Weldon Decl., ECF No. 29-7 at ¶ 5. The plaintiffs' attempt to manufacture an Article III case or controversy rests on misrepresentations of Mr. Hamilton's declaration and outright falsehoods.

### REPLY TO THE PLAINTIFFS' FACTUAL ASSERTIONS

Before addressing the issues of standing and mootness, we must begin by correcting the plaintiffs' false descriptions of America First Legal's conduct and intentions.

I.  **AMERICA FIRST LEGAL HAS NEVER INTENDED OR THREATENED TO SUE ANYONE UNDER SENATE BILL 8'S PRIVATE CIVIL-ENFORCEMENT PROVISION**

The plaintiffs claim that America First Legal "*now* has no intention to sue Plaintiffs or assist others in suing Plaintiffs under SB8," implying that America First Legal previously had such an intention before the plaintiffs sued. *See* Pls.' Br., ECF No. 31, at 2 (emphasis in original). Mr. Hamilton's declaration, however, makes clear that America First Legal has *never* had any intention to sue the plaintiffs or provide representation to anyone who might sue the plaintiffs under Senate Bill 8. With respect to America First Legal's potential actions as a plaintiff in an SB 8 civil-enforcement lawsuit, Mr. Hamilton declared:

> America First Legal would *never* serve as the plaintiff in a private civil-enforcement lawsuit under SB 8 because America First Legal is not a resident or citizen of Texas and would be unable to take advantage of the favorable venue rules in section 171.210 of the Texas Health and Safety Code.

Hamilton Decl., ECF No. 29-5, at ¶ 15 (emphasis added). And with respect to America First Legal's potential representation of plaintiffs who might bring civil-enforcement suits under SB 8, Mr. Hamilton declared:

> America First Legal also has no intention, *and has never had any intention*, of providing legal representation to plaintiffs who file private civil-enforcement lawsuits under SB 8 against the North Texas Equal Access Fund or the Lilith Fund for Reproductive Equity, either before or after the Supreme Court overrules *Roe v. Wade*.

Hamilton Decl., ECF No. 29-5, at ¶ 16 (emphasis added). The plaintiffs' insinuations that America First Legal changed its intentions after the plaintiffs sued are false and misrepresents Mr. Hamilton's declaration. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 6–7, 18.

The plaintiffs think that America First Legal's representation of Ms. Maxwell and Ms. Weldon in the Rule 202 proceedings is somehow evidence of an intention to file a future SB 8 enforcement lawsuit against them. *See* Pls.' Br., ECF No. 31, at 3–4.

That is nonsense, and it has been emphatically refuted in Mr. Hamilton's declarations. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 14–20; Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 8–9. Rule 202 petitions are not lawsuits, but mere requests for pre-suit discovery. America First Legal provided this representation not because it wishes to sue lawbreakers or provide representation to those who sue lawbreakers under SB 8's private civil-enforcement provision, but because it wished to assist Maxwell and Weldon in uncovering the identity of those who have violated the criminal laws of Texas by "furnishing the means for procuring an abortion knowing the purpose intended," *see* West's Texas Civil Statutes, article 4512.2 (1974), which would facilitate criminal investigations and prosecutions of those who have aided or abetted abortions in violation of article 4512.2. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶ 8.

That Maxwell and Weldon's Rule 202 petitions express interest in "possible future civil actions" brought under Senate Bill 8 does *not* mean that America First Legal would represent them or be willing to represent them in those future civil-enforcement proceedings. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶ 9. America First Legal made no agreement or promise to represent Maxwell or Weldon in any civil-enforcement lawsuit that they might subsequently bring under Senate Bill 8, and America First Legal never had any intention or willingness to provide representation to anyone who sues under SB 8. *See id.* at ¶¶ 6–9. Whatever Maxwell or Weldon's future intentions may be, America First Legal has no intention of suing the plaintiffs (or anyone else) under SB 8 private civil-enforcement mechanism or providing representation to anyone who does — and America First Legal has never had any such intention.

Even more outlandish is the plaintiffs' claim that America First Legal's efforts to *defend* the constitutionality of Senate Bill 8 in lawsuits brought by abortion providers and the Biden Administration is somehow evidence of an "intention to act as a private

enforcer." *See* Pls.' Br., ECF No. 31, at 3 (claiming that the plaintiffs have alleged and shown "AFLF's intention to act as a private enforcer based on its purported commitment to defend SB8."). Representing clients that are *defending* the constitutionality of Senate Bill 8 and arguing that the federal courts lack jurisdiction to consider pre-enforcement challenges to the statute does not remotely resemble a threat to sue anyone under Senate Bill 8's private civil-enforcement mechanism. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶ 10–12, 14, 17. And the idea that an attorney who represents a litigant that defends the constitutionality of a statute can be sued for threatening to "enforce" the statute is absurd. Do the plaintiffs think they can start suing lawyers who submitted amicus briefs defending the constitutionality of SB 8 in *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021), or *United States v. Texas*, No. 21-50949 (5th Cir.)—or any of the other attorneys who represented the defendants in those cases?

Finally, Ms. Weldon and Ms. Maxwell terminated America First Legal as their legal representative on April 5, 2022, and April 6, 2022, respectively. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 7–10 & Exs. A–B. It is entirely unremarkable that America First Legal would continue to appear in the signature blocks of court filings on behalf of Ms. Weldon and Ms. Maxwell until the date on which we were terminated. *See* Pls.' Br., ECF No. 31, at 4. That does not in any way reflect an intention on the part of America First Legal to sue the plaintiffs or anyone else under SB 8's private civil-enforcement mechanism, or provide representation to anyone who does, and America First Legal has never had any such intention. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶ 13.

The plaintiffs claim that Mr. Hamilton violated his representations to this Court by when he joined an appellate brief in *United States v. Texas*, No. 21-50949 (5th Cir.). *See* Pls.' Br., ECF No. 31, at 5 (claiming that this court filing was "in direct contravention of [Mr. Hamilton's] representations to this Court"); *id.* at 23 (asserting

that AFL's publicly stated "commitment to defending the legality of SB8 . . . contravene the Hamilton Declaration."). The plaintiffs' accusation is false and defamatory. The brief that America First Legal filed in the Fifth Circuit was submitted on behalf of three intervenors in *United States v. Texas*, No. 21-50949 (5th Cir.), a case in which the Biden Administration sued Texas to have SB 8 declared unconstitutional. None of these intervenors have sued anyone under Senate Bill 8, and America First Legal would not provide legal representation to these individuals in any such SB 8 enforcement lawsuit. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶ 14. The brief argues that the Biden Administration's attempt to sue Texas over SB 8 should be dismissed for lack of jurisdiction and for failing to state a claim on which relief may be granted. *See* Exhibit 2. The filing of this brief does not remotely approach a lawsuit brought against the plaintiffs (or anyone else) under SB 8's civil-enforcement mechanism. To claim that Mr. Hamilton violated his representations to the Court is defamatory, and it is emblematic of the dishonesty and misrepresentation that permeates the plaintiffs' brief.

## II. AMERICA FIRST LEGAL DID NOT "VOLUNTARILY" TERMINATE ITS ATTORNEY–CLIENT RELATIONSHIPS WITH MS. MAXWELL AND MS. WELDON

The plaintiffs try to avoid mootness by claiming that the "voluntary cessation" doctrine applies—and that America First Legal must therefore demonstrate that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *See* Pls.' Br., ECF No. 31, at 18 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). But America First Legal did not "voluntar[il]y" withdraw from representing Maxwell and Weldon in the Rule 202 proceedings, as the plaintiffs repeatedly and falsely claim throughout their brief. *See* Pls.' Br., ECF No. 31, at 18–21. Maxwell and Weldon chose to terminate America First Legal as their representative without any prodding, advise, or

encouragement from AFL. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 6–10; Maxwell Decl., ECF No. 29-6, at ¶ 5; Weldon Decl., ECF No. 29-7 at ¶ 5. America First Legal would have continued representing Maxwell and Weldon in the Rule 202 proceedings had they not made the decision to terminate AFL as their representative. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶ 19.

## ARGUMENT

The plaintiffs cannot establish Article III standing or avoid mootness given the unrebutted facts set forth in Mr. Hamilton's declarations.

### I. THE PLAINTIFFS CANNOT IDENTIFY AN INJURY TRACEABLE TO THE "ALLEGEDLY UNLAWFUL CONDUCT" OF AMERICA FIRST LEGAL

The plaintiffs are assuredly suffering injury fact because they cannot assist post-heartbeat abortions without exposing themselves to civil liability and criminal prosecution. *See* Pls.' Br., ECF No. 31, at 10 (observing that the plaintiffs' work "exposes" them to "civil liability under SB8"). But those injuries are attributable to the *existence* of Senate Bill 8 and not to anything that America First Legal has done. America First Legal has never had *any* intention of bringing private civil-enforcement lawsuits under Senate Bill 8 or representing anyone who brings such a lawsuit. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 15–16; Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 6–7, 18. And America First Legal has no ability to bring criminal prosecutions under article 4512.2. So the plaintiffs are complaining about injuries that America First Legal has nothing to do with.

The plaintiffs note that they have suffered *past* injuries from the Rule 202 proceedings initiated by Ms. Maxwell and Ms. Weldon. *See* Pls.' Br., ECF No. 31, at 11. But the plaintiffs are not seeking retrospective relief for those past injuries; they are seeking only declaratory and injunctive relief to redress ongoing or future injuries. America First Legal has been terminated as Ms. Maxwell and Ms. Weldon's representative, so it has no role whatsoever in the ongoing or future injuries that might be

inflicted by the Rule 202 proceedings. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 6–10; Maxwell Decl., ECF No. 29-6, at ¶ 5; Weldon Decl., ECF No. 29-7 at ¶ 5.

The plaintiffs also do not allege that America First Legal did anything "unlawful" by providing legal representation to Ms. Maxwell or Ms. Weldon. The plaintiffs do not allege that it is "unlawful" to provide representation to a client who sues to enforce an allegedly unconstitutional statute. *See* Pls.' Br., ECF No. 31, at 12–13. And any suggestion that America First Legal acted "unlawfully" by providing this representation is absurd, as attorneys are encouraged to provide pro bono legal services, especially to clients who may be asserting unpopular or unfashionable legal arguments. *See* Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 20–22. No matter how unconstitutional the plaintiffs think SB 8 might be, an attorney does nothing "unlawful" by providing representation to a client who sues under that statute, and any suggestion that an attorney acts unlawfully by providing legal representation is incompatible with an adversarial system of justice. Even if a litigant who sues under SB 8 is violating the constitutional rights of abortion providers or patients, a lawyer who provides representation to that client is not doing anything that can be alleged unlawful.

America First Legal is *not* arguing—and it has never argued—that the plaintiffs' injuries are untraceable to AFL because others will sue. *See* Pls.' Br., ECF No. 31, at 13–15. Our claim is that the plaintiffs cannot establish traceability because America First Legal has no intention, and it has never had any intention, of suing the plaintiffs (or anyone else) under SB 8, and it has never intended to provide representation to those who file such lawsuits. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 15–16; Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 6–7, 18. And any injuries arising from the Rule 202 petition are traceable to the decisions of Maxwell and Weldon—not to the lawyers who agreed to provide representation to those individuals. It is undisputed that Maxwell and Weldon would have filed Rule 202 petitions regardless

of whether AFL had represented them, and AFL played no role in their decisions to file those petitions. *See* Maxwell Decl., ECF No. 29-6 at ¶¶ 4–5; Weldon Decl., ECF No. 29-7 at ¶¶ 4–5. The plaintiffs have no answer to any of this.

## II.   The Plaintiffs' Alleged Injuries Are Not Redressable

There is nothing this Court can do to redress the plaintiffs' alleged injuries because the Rule 202 proceedings will continue without AFL's involvement, and the threats of civil liability and criminal prosecution will not be diminished in the slightest by enjoining an entity that never intended to sue the plaintiffs in the first place.

## III.   The Plaintiffs' Claims Are Moot

The plaintiffs claim that AFL "voluntarily" withdrew from representing Maxwell and Weldon, but that is false. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 6–10; Maxwell Decl., ECF No. 29-6, at ¶ 5; Weldon Decl., ECF No. 29-7 at ¶ 5. In all events, even if the "voluntary cessation" doctrine applied (and it doesn't), it is "absolutely clear" that Maxwell and Weldon will not retain AFL in the future, as each of them has declared under oath that they will not retain AFL again. *See* Maxwell Decl., ECF No. 29-6, at ¶ 7 ("I will not be retaining America First Legal or its attorneys to serve as my representative in any future litigation or legal matter."); Weldon Decl., ECF No. 29-7 at ¶ 7 (same). And it is "absolutely clear" and AFL will not file Rule 202 proceedings or SB 8 enforcement lawsuits against the plaintiffs. *See* Hamilton Decl., ECF No. 29-5, at ¶¶ 13–16; Supplemental Hamilton Decl., ECF No. 34-1, at ¶¶ 6–7, 18.

## CONCLUSION

The case should be dismissed for lack of subject-matter jurisdiction.

                                      Respectfully submitted.

                                      */s/ Jonathan F. Mitchell*
                                      Jonathan F. Mitchell
                                      Mitchell Law PLLC
                                      111 Congress Avenue, Suite 400
                                      Austin, Texas 78701
                                      (512) 686-3940 (phone)

                                      (512) 686-3941 (fax)
                                      jonathan@mitchell.law

Dated: May 20, 2022

                                      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 20, 2022, I served this document through CM/ECF upon:

Christine Rene Couvillon
Kathleen E. Kraft
Thompson Coburn, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006-1167
(202) 585-6961 (phone)
(202) 585-6969 (fax)
ccouvillon@thompsoncoburn.com
kkraft@thompsoncoburn.com

Elizabeth Myers
Jennifer Ecklund
John P. Atkins
Mackenzie S. Wallace
Thompson Coburn LLP
2100 Ross Avenue
Suite 3200
Dallas, TX 75201
(972) 629-7111 (phone)
(972) 629-7171 (fax)

emyers@thompsoncoburn.com
jecklund@thompsoncoburn.com
jatkins@thompsoncoburn.com
mwallace@thompsoncoburn.com

*Counsel for Plaintiffs*

                    /s/ Jonathan F. Mitchell
                    Jonathan F. Mitchell
                    *Counsel for Defendant*