UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**North Texas Equal Access Fund;**
**Lilith Fund For Reproductive Equity**,

    Plaintiffs,

v.

**America First Legal Foundation**,

    Defendant.

Case No. 1:22-cv-00728-ABJ

## JOINT NOTICE TO THE COURT REGARDING OTHER CASES INVOLVING CHALLENGES TO SENATE BILL 8

The parties jointly and respectfully file this notice, which describes the status of other pending SB8-related litigation. There are currently five open cases in which Plaintiffs North Texas Equal Access Fund ("TEA Fund") and Lilith Fund for Reproductive Equity ("Lilith Fund") are litigating constitutional challenges to SB 8: *Van Stean, et al. v. Texas Right to Life, et al.,* No. 03-21-00650-CV (Texas MDL Court); *Lilith Fund v. Weldon*, No. 02-22-00413-CV (Tex. App.—Fort Worth); *North Texas Equal Access Fund v. Maxwell*, No. 02-22-00347-CV (Tex. App.—Fort Worth); *North Texas Equal Access Fund, et. al. v Thomas More Society* Case No. 22-cv-1399 (N.D. Ill.); and *Fund Texas Choice v. Garza*, No. 1:22-cv-00859-RP (W.D. Tex.).

There are also pre-suit discovery matters pending in several Texas courts in which the Plaintiffs before this Court are not parties, but those matters may also touch upon the question of SB 8's constitutionality. Each of the pre-suit discovery petitions known to Plaintiffs' counsel or Defendant's counsel is described below, along with its current status and posture.

A. **Pending Cases involving Plaintiffs**

*Van Stean, et al. v. Texas Right to Life,* **No. 03-21-00650-CV (Texas MDL Court)**

This group of 13 cases (in which Lilith Fund and TEA Fund are plaintiffs) was transferred by the Texas Multi-District Litigation Panel to a specially appointed judge, the Honorable David Peeples. A summary-judgment hearing was held in November 2021, and the Court declared SB 8 unconstitutional on several state-law grounds (reserving all others for later decision) in December 2021.

Defendants Texas Right to Life and John Seago also filed a motion to dismiss the lawsuits under the Texas Citizens Participation Act (TCPA), which is Texas's anti-SLAPP statute. Judge Peeples denied that motion in December 2021. Denials of TCPA motions are subject to immediate interlocutory appeal and the Defendants immediately noticed an appeal of that issue. The Austin Court of Appeals affirmed Judge Peeples's denial of Defendants' TCPA motion on May 26, 2023. Texas Right to Life and John Seago filed a petition for review with the Texas Supreme Court. The Supreme Court of Texas requested a response to the petition for review from Plaintiffs, which is due on October 25, 2023. Following this briefing, the Texas Supreme Court will determine whether or not to request further briefing on the merits of the TCPA issue. Otherwise, the case will return to the MDL judge for further proceedings and consideration, and potentially, additional appeals outside the specific TCPA issue.

*Lilith Fund v. Weldon,* **No. 02-22-00413-CV (Tex. App.—Fort Worth):**

After Sadie Weldon filed a Rule 202 petition seeking to depose Neesha Davé of the of the Lilith Fund,[1] the Lilith Fund counter-sued Ms. Weldon in state court and

---

[1] Ms. Weldon's Rule 202 Petition was filed in Jack County Texas and was captioned *In re Sadie Weldon,* **No. 22-01-014.** On August 9, 2022, the district court denied

sought a declaration that SB 8 is unconstitutional and an anti-suit injunction to restrain Ms. Weldon from filing private-civil enforcement lawsuits against it. *See Lilith Fund v. Weldon*, No. 22-03-032 (Jack County, Texas). This was brought as a separate legal proceeding; it is not a counterclaim to Ms. Weldon's Rule 202 petition and is not part of the Rule 202 proceeding in Jack County.

Ms. Weldon moved to dismiss the Lilith Fund's action under the TCPA. The district court did not rule on Ms. Weldon's TCPA motion within 30 days of the hearing, as required by statute. *See* Tex. Civ. Prac. & Rem. Code § 27.005(a). The district court's failure to rule within this 30-day window meant that the TCPA motion was "denied by operation of law," which allowed Ms. Weldon to take an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).

Ms. Weldon has appealed the denial of her TCPA motion to the Fort Worth Court of Appeals. The appeal has been fully briefed and submitted, and the parties are awaiting the court of appeals' ruling. The Lilith Fund is arguing on appeal that SB 8 is unconstitutional and that Ms. Weldon's TCPA motion should be denied for that reason.

***North Texas Equal Access Fund v. Maxwell*, No. 02-22-00347-CV (Tex. App.—Fort Worth):**

After Ms. Maxwell filed a Rule 202 petition seeking to depose Kamyon Conner of TEA Fund,[2] TEA Fund counter-sued Ms. Maxwell in state court and sought a

---

Ms. Weldon's Rule 202 petition. Orders denying Rule 202 petitions are not appealable, although they can be reviewed by filing a petition for writ of mandamus in the state court of appeals. Ms. Weldon has not petitioned for mandamus from this ruling.

[2] Ms. Maxwell's Rule 202 Petition was filed in Denton County and captioned ***In re Ashley Maxwell*, No. 22-1046-431.** The district court has stayed these proceedings while TEA Fund appeals the Court's decision to grant Ms. Maxwell's TCPA motion

declaration that SB 8 is unconstitutional and an anti-suit injunction to restrain Ms. Maxwell from filing private-civil enforcement lawsuits against it. *See North Texas Equal Access Fund v. Maxwell*, No. 22-2100-431 (Denton County, Texas). This was brought as a separate legal proceeding; it is not a counterclaim to Ms. Maxwell's Rule 202 petition and is not part of the Rule 202 proceeding in Denton County.

Ms. Maxwell moved to dismiss TEA Fund's action under the TCPA. The district court granted Ms. Maxwell's TCPA motion to dismiss, and TEA Fund appealed to the Fort Worth Court of Appeals. The appeal has been fully briefed and submitted, and the parties are awaiting the court of appeals' ruling. TEA Fund is arguing on appeal that SB 8 is unconstitutional and that Ms. Maxwell's TCPA motion should be denied for that reason, among others.

*Fund Texas Choice v. Garza*, No. 1:22-cv-00859-RP (W.D. Tex.):

A group of plaintiffs that includes the Lilith Fund and TEA Fund has sued Sadie Weldon, Ashley Maxwell, and other defendants (including many of the petitioners in the Rule 202 proceedings described below) in federal district court in an effort to have SB 8 declared unconstitutional, along with a challenge as to the applicability of Texas's pre-*Roe* criminal abortion statutes. The SB 8 defendants have moved to dismiss for lack of venue and improper joinder and are awaiting a ruling from the district court. The plaintiffs have moved for summary judgment but the defendants claim the motion is premature and are seeking to stay the summary-judgment briefing.

---

in *North Texas Equal Access Fund v. Maxwell*, No. 22-2100-431 (Denton County, Texas).

*Whole Woman's Health v. Jackson*, **No. 1:21-cv-00616 (W.D. Tex.):**

A coalition of abortion providers and abortion funds, including the Lilith Fund and TEA Fund, sued state officials in July of 2021 in an attempt to have SB 8 declared unconstitutional. The Supreme Court of the United States dismissed the claims brought against the state attorney general, a state-court judge, and a state-court clerk, but allowed the claims brought against state licensing officials to proceed past the motion-to-dismiss stage. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). The remaining claims against the state licensing officials were eventually dismissed after the Supreme Court of Texas ruled that they had no role in enforcing SB 8. *Whole Woman's Health v. Jackson*, No. 22-0033, 2022 WL 726990 (Tex. 2022). A final order of dismissal was entered by the district court on July 5, 2023. *Whole Woman's Health v. Jackson*, No. 1:21-cv-00616-RP (N.D. Tex.) [Doc. 115].

*North Texas Equal Access Fund et al. v. Thomas More Society,* **Case No. 22-cv-1399 (N.D. Ill.)**

This case is premised on similar facts as the instant lawsuit but filed against Defendant Thomas More Society, who also served as counsel to Sadie Weldon and Ashley Maxwell in their original Rule 202 petitions seeking deposition testimony and documents from TEA Fund and Lilith Fund. Thomas More Society's motion to dismiss is fully briefed and remains pending in the district court.

**B.   Other Pre-suit Discovery Matters Related to SB8**

In addition to the above lawsuits which directly involve TEA Fund and/or Lilith Fund as parties, several other pre-suit discovery matters are also pending in state and federal courts in which the constitutionality of SB 8 is or may be at issue. All of the following matters are Rule 202 petitions, seeking discovery related to abortions that may have violated SB 8 or Texas's criminal abortion statutes. At this time, one matter

is on appeal, and the remainder are simply pending until the Petitioner in each case sets a hearing in the district court.

| Case | Court/Judge Assignment | Parties | Counsel |
|---|---|---|---|
| *In re York* No. CV2246294 Filed: March 9, 2022 | 91st District Court, Eastland County, Texas Judge Steven R. Herod | Petitioner: Ruth York Respondent: Abigail Aiken* **UT Researcher* | Petitioner: **Jonathan F. Mitchell Gene P. Hamilton*** **America First Legal Foundation* D. Bryan Hughes Erick G. Kaardal H. Dustin Fillmore III Charles W. Fillmore Thomas Brejcha** Martin Whittaker** ***Thomas More Society* Respondent: |
| *In re Thomason* No. 55561 Filed: July 7, 2022 | 118th District Court, Howard County, Texas Judge R. Shane Seaton | Petitioner: Shannon D. Thomason Respondents: Amy Hagstrom Miller* Marva Sadler* *Whole Women's Health* Alan Braid** Andrea Gallegos** ***Alamo Women's Reproductive Services* | Petitioner: **Jonathan F. Mitchell** H. Dustin Fillmore III Charles W. Fillmore Respondents: |
| *In re Maxwell*, No. C2022388 Filed: September 1, 2022 | 355th District Court, Hood County, Texas Judge Bryan T. Bufkin | Petitioner: Zach Maxwell Respondents: Makayla Montoya-Frazier Buckle Bunnies Fund | Petitioner: **Jonathan F. Mitchell** H. Dustin Fillmore III Charles W. Fillmore Respondents: **Thompson Coburn Alexander Dubose** |
| *In re Jackson-Hisler*, No. 22DCV0823 | 253rd District Court, Chambers County, Texas | Petitioner: Rachael Diane Jackson-Hisler | Petitioner: **Jonathan F. Mitchell** Briscoe Cain |

| Case | Court/Judge Assignment | Parties | Counsel |
|---|---|---|---|
| Filed: November 8, 2022 | Judge Chap B. Cain, III | Respondent: Michael Kimbro | Thomas Brejcha* Martin Whittaker* *Thomas More Society*  Respondent: |
| *In re Byrn*, No. 51499-A  Filed: December 5, 2022 | 42nd District Court, Taylor County, Texas  Judge James Eidson | Petitioner: Charles Byrn  Respondent: Franz Theard | Petitioner: **Jonathan F. Mitchell** Thomas Brejcha* Martin Whittaker* *Thomas More Society*  Respondent: |
| *In re Lummus*, No. 23-cv-1461  Filed: September 5, 2023 | 122nd District Court  Galveston County, Texas  Judge Jeth Jones | Petitioner: Coltin Lummus  Respondents: Skye Torres Amanda Trevino | Petitioner: **Jonathan F. Mitchell** Thomas Brejcha* Peter Breen* Martin Whittaker* *Thomas More Society*  Respondent: |

Only the *In re Maxwell* Rule 202 proceeding has advanced past the petition stage, and that petition also seeks testimony from a Texas abortion fund. The district court denied Montoya-Frazier's TCPA motion seeking to avoid the Rule 202 deposition in part because the underlying cause of action under SB 8 was unconstitutional and because the petition related specifically to her First Amendment rights. That matter is currently being briefed in the Fort Worth Court of Appeals.

|  | Respectfully submitted. |
|---|---|
| /s/ Kathleen E. Kraft | /s/ Jonathan F. Mitchell |
| KATHLEEN E. KRAFT | JONATHAN F. MITCHELL |
| DC Bar No. 984445 | DC Bar No. 496344 |
| Thompson Coburn, LLP | Mitchell Law PLLC |
| 1909 K Street NW, Suite 600 | 111 Congress Avenue, Suite 400 |
| Washington, DC 20006-1167 | Austin, Texas 78701 |
| (202) 585-6961 (phone) | (512) 686-3940 (phone) |
| (202) 585-6969 (fax) | (512) 686-3941 (fax) |
| kkraft@thompsoncoburn.com | jonathan@mitchell.law |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

Dated: September 27, 2023

## CERTIFICATE OF SERVICE

I certify that on September 27, 2023, I served this document through CM/ECF upon:

Christine Rene Couvillon
Kathleen E. Kraft
Thompson Coburn, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006-1167
(202) 585-6961 (phone)
(202) 585-6969 (fax)
ccouvillon@thompsoncoburn.com
kkraft@thompsoncoburn.com

Elizabeth Myers
Jennifer Ecklund
John P. Atkins
Mackenzie S. Wallace
Thompson Coburn LLP
2100 Ross Avenue
Suite 3200
Dallas, Texas 75201
(972) 629-7111 (phone)
(972) 629-7171 (fax)
emyers@thompsoncoburn.com
jecklund@thompsoncoburn.com
jatkins@thompsoncoburn.com
mwallace@thompsoncoburn.com

*Counsel for Plaintiffs*

                                                    /s/ Jonathan F. Mitchell
                                                    Jonathan F. Mitchell
                                                    *Counsel for Defendant*